# EXHIBIT H



131 West 33rd Street
Suite 610
New York, NY 10001
(212) 627-2227
www.nyic.org

February 27, 2018

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

   Re: Freedom of Information Act Request Appeal (2018-ICFO-10954)

Dear FOIA Appeals Officer:

   I write in reference to U.S. Immigration and Customs Enforcement's ("ICE") letter denying the New York Immigration Coalition's ("NYIC") request for records under the Freedom of Information Act, 5 U.S.C. § 552. Ex. A. ICE's blanket denial is contrary to precedent and NYIC hereby appeals.

**Background**

   On November 22, 2017, NYIC submitted a request pursuant to the Freedom of Information Act ("FOIA"). Ex. B. In that request, NYIC requested the following documents from ICE:

**Homeland Security Investigations ("HIS")**

1. All documents related to the initial conception of Operation Matador, including the plan submitted for approval and any comments, objections, or reservations related to the plan.

2. The authorization memorandum approving Operation Matador.

3. All documents, regulations, and guidelines relating to the operation plans for carrying out Operation Matador.

4. All documents, regulations, and guidelines relating to operation approval plans for carrying out Operation Matador.

5. All documents, regulations, and guidelines relating to Operation Matador's funding and any funding requests.

6. All documents and guidelines relating to Operation Matador's budget.

7. All documents relating to HSI's agreements with other government agencies, state or federal, involving Operation Matador including, but not limited to, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, U.S. Customs and

Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

8. All documents reflecting communication and coordination between government agencies, state or federal, involving Operation Matador including, but not limited to, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

9. All training materials distributed to or communicated with any governmental agency, state or federal, that participated in Operation Matador including, but not limited to, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

10. All documents, regulations, and guidelines defining or outlining the groups or profiles of individuals targeted by Operation Matador.

**Enforcement and Removal Operations ("ERO")**

1. All documents related to the initial conception of Operation Matador, including the plan submitted for approval and any comments, objections, or reservations related to the plan.

2. The authorization memorandum approving Operation Matador.

3. All documents, regulations, and guidelines relating to the operation plans for carrying out Operation Matador.

4. All documents, regulations, and guidelines relating to operation approval plans for carrying out Operation Matador.

5. All documents, regulations, and guidelines relating to Operation Matador's funding and any funding requests.

6. All documents and guidelines relating to Operation Matador's budget.

7. All documents relating to ERO's agreements with other government agencies, state or federal, involving Operation Matador including, but not limited to, ICE Homeland Security Investigations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

8. All documents reflecting communication and coordination between government agencies, state or federal, on Operation Matador including, but not limited to, ICE Homeland Security Investigations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

9. All training materials distributed to or communicated with any governmental agency, state or federal, that participated in Operation Matador including, but not limited to, ICE Homeland Security Investigations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

10. All documents, regulations, and guidelines defining or outlining the groups or profiles of individuals targeted by Operation Matador.

ICE responded to these requests on January 12, 2018. Ex. A. The letter stated that,

Due to the open status of ongoing criminal investigations, ICE has determined that the information you are requesting is withholdable in its entirety pursuant to Title 5 U.S.C. § 552(b)(7)(A). FOIA Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. ICE has determined that the information you are seeking relates to ongoing criminal law enforcement investigations. Therefore, ICE is withholding all records, document, and/or other material, which if disclosed prior to completion, could reasonably be expected to interfere with law enforcement proceedings and final agency actions related to those proceedings. Please be advised that once all pending matters are resolved and FOIA Exemption 7(A) is no longer applicable, there may be other exemptions which could protect certain information from disclosure, such as FOIA Exemptions 6, 7(C), 7(D), 7(E) and/or 7(F). Id.

This response is insufficient because it fails to detail the reasons why or how the requested information is related to an enforcement proceeding. ICE has also impermissibly withheld *all* documents from the twenty categories requested, without providing NYIC access to the portions of the responsive records that would not be reasonably expected to interfere with enforcement proceedings.

**Blanket Exemptions Are Disfavored**

"FOIA strongly favors a policy of disclosure and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act. The government bears the burden of establishing that any claimed exemption applies." Wood v. FBI, 432 F.3d 78, 82-83 (2d Cir. 2005). Disclosure requirements are to be construed "broadly" while the FOIA exemptions are to be construed "narrowly." Department of Air Force v. Rose, 425 U.S. 352, 366 (1976). Therefore, all doubts are to be resolved in favor of disclosure. Wood, 432 F.3d at 83.

ICE may not summarily declare that the requested records are withholdable in their entirety. Even a document that contains exempt material is not necessarily exempt in its entirety. The FOIA statute has a segregability provision which mandates that, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b).

**The Law Enforcement Exemption Does Not Apply**

Exemption 7(A) was written to exempt information in investigatory files that needed to be kept confidential for a contemplated enforcement proceeding. See NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 230 (1978). For this exemption to apply, ICE must show that (1) a law enforcement proceeding is pending or expected, and (2) release of the information could reasonably be expected to cause some articulable harm. New York Times Company v. United States Department of Justice, 2016 WL 5946711, at *7 (S.D.N.Y. Aug. 18, 2016). Information supporting the application of this exemption must be sufficient for a court to "trace a rational link between the nature of the document and the alleged likely interference." Id.

Here, ICE has not sufficiently detailed why *all* of the information sought will interfere with and harm a pending law enforcement proceeding. "FOIA strongly favors a policy of disclosure . . . . The government bears the burden of establishing that any claimed exemption applies." Wood v. FBI, 432 F.3d 78, 82-83 (2d Cir. 2005). It is not readily apparent why NYIC's requests for innocuous documents such as those relating to Operation Matador's funding, initial conception, and approval will cause harm to a law enforcement proceeding.

**The Search Was Inadequate**

Finally, NYIC challenges the adequacy of ICE's search for records. ICE has not detailed the number of documents deemed responsive, nor has it outlined the procedures taken to locate those documents. In fact, ICE has not even confirmed whether such a search was even conducted. ICE's blanket denial without so much as describing its search is improper. See Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (An "agency must show that it made a good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested.").

Please respond within the twenty business day statutory period, 5 U.S.C. § 552(a)(6)(A)(ii), informing NYIC of the decision on appeal, including whether a search of responsive records has been completed or commenced.

Sincerely,

Camille J. Mackler, Esq.
Director of Immigration Legal Policy

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



**U.S. Immigration and Customs Enforcement**

January 12, 2018

Camille Mackler
The New York Immigration Coalition
131 W. 33rd St., Ste. 610
New York, NY 10001

**RE:   ICE FOIA Case Number 2018-ICFO-10954**

Dear Ms. Mackler:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated November 22, 2017. You have requested all ICE Homeland Security Investigations (HSI) and Enforcement and Removal Operations (ERO) records pertaining to Operation Matador.

Due to the open status of ongoing criminal investigations, ICE has determined that the information you are requesting is withholdable in its entirety pursuant to Title 5 U.S.C. § 552 (b)(7)(A). FOIA Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. ICE has determined that the information you are seeking relates to ongoing criminal law enforcement investigations. Therefore, ICE is withholding all records, documents, and/or other material, which if disclosed prior to completion, could reasonably be expected to interfere with law enforcement proceedings and final agency actions related to those proceedings. Please be advised that once all pending matters are resolved and FOIA Exemption 7(A) is no longer applicable, there may be other exemptions which could protect certain information from disclosure, such as FOIA Exemptions 6, 7(C), 7(D), 7(E) and/or 7(F).

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8, to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security
> 500 12th Street,, S.W., Mail Stop 5900
> Washington, D.C. 20536-5900

www.ice.gov

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office and refer to FOIA case number **2018-ICFO-10954**. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Fernando Pineiro, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

                                              Sincerely,

                                              *[signature]*

                                          Catrina M. Pavlik-Keenan
                                          FOIA Officer



131 West 33rd Street
Suite 610
New York, NY 10001
(212) 627-2227
www.nyic.org

November 22, 2017

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009
(202) 732-0660

**Re:   Freedom of Information Act Request – Operation Matador
(Expedited Processing Requested)**

Dear Freedom of Information Officer:

On behalf of the New York Immigration Coalition (NYIC), we request the following pursuant to the Freedom of Information Act, 5 U.S.C. § 552:

A.   REQUEST FOR DOCUMENTATION

**I.   Homeland Security Investigations ("HSI")**

1. All documents related to the initial conception of Operation Matador, including the plan submitted for approval and any comments, objections, or reservations related to the plan.

2. The authorization memorandum approving Operation Matador.

3. All documents, regulations, and guidelines relating to the operation plans for carrying out Operation Matador.

4. All documents, regulations, and guidelines relating to operation approval plans for carrying out Operation Matador.

5. All documents, regulations, and guidelines relating to Operation Matador's funding and any funding requests.

6. All documents and guidelines relating to Operation Matador's budget.

7. All documents relating to HSI's agreements with other government agencies, state or federal, involving Operation matador including, but not limited to, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

8. All documents reflecting communication and coordination between government agencies, state or federal, on Operation Matador including, but not limited to, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, U.S. Customs and Border

Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

9. All training materials distributed to or communicated with any governmental agency, state or federal, that participated in Operation Matador including, but not limited to, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

10. All documents, regulations, and guidelines defining or outlining the groups or profiles of individuals targeted by Operation Matador.

## II. Enforcement and Removal Operations (ERO)

1. All documents related to the initial conception of Operation Matador, including the plan submitted for approval and any comments, objections, or reservations related to the plan.

2. The authorization memorandum approving Operation Matador.

3. All documents, regulations, and guidelines relating to the operation plans for carrying out Operation Matador.

4. All documents, regulations, and guidelines relating to operation approval plans for carrying out Operation Matador.

5. All documents, regulations, and guidelines relating to Operation Matador's funding and any funding requests.

6. All documents and guidelines relating to Operation Matador's budget.

7. All documents relating to ERO's agreements with other government agencies, state or federal, involving Operation Matador including, but not limited to, ICE Homeland Security Investigations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

8. All documents reflecting communication and coordination between government agencies, state or federal, on Operation Matador including, but not limited to, ICE Homeland Security Investigations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

9. All training materials distributed to or communicated with any governmental agency, state or federal, that participated in Operation Matador including, but not limited to, ICE Homeland Security Investigations, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

10. All documents, regulations, and guidelines defining or outlining the groups or profiles of individuals targeted by Operation Matador.

## B. REQUEST FOR EXPEDITED PROCESSING

We are requesting expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 22 C.F.R. § 171.11(f).

The NYIC is a state-wide advocacy and policy coalition representing over 200 non-profit members and partners serving immigrant communities throughout New York State. As MS-13 enforcement efforts have increasingly centralized on Long Island in 2017, the NYIC and its members have paid particular attention to the intersection between gang enforcement and immigration enforcement operations in that part of the state. Earlier this month media reports, citing an ICE official in charge of MS-13 related operations, confirmed that the agency is using gang enforcement as a method of carrying out its immigration enforcement purposes, regardless of known or suspected gang affiliations of the individuals taken into custody.[1] Given these statements and reports, and the rapid and aggressive manner in which ICE is carrying out immigration enforcement often at the expense of due process, it is urgent that the NYIC, its members, and allies, understand the manner in which gang enforcement targeting immigrant communities is carried out to ensure that they are not deprived of their rights.

In addition, and as demonstrated above, the manner in which ICE carries out gang enforcement, particularly operations targeted at immigrant communities, are a "matter of widespread and exceptional media interest." See 6 C.F.R. § 5.5(e)(3) ("The existence of numerous articles published on a given subject can be helpful to establishing the requirement of that there be an 'urgency to inform' the public on the topic"). The numerous news reports on Operation Matador and related operations have called into question the actual purpose of these publicly-funded operations, which have also resulted in a breakdown of trust between local communities and federal and local law enforcement.[2]

In order to ensure that the stated goal of enforcement against MS13 does not infringe upon our communities' civil liberties and due process rights, it is imperative that this information be released as soon as practicable.

## C. REQUEST FOR FEE WAIVER

The NYIC requests that ICE waive all fees in connection with this FOIA request in accordance with 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure "is in the public interest because it is likely to contribute

---

[1] Julianne Hing, "Julianne Hing, "ICE Admits Gang Operations are Designed to Lock Up Immigrants", The Nation (November, 2017) https://www.thenation.com/article/ice-admits-gang-operations-are-designed-to-lock-up-immigrants/
[2] *Id.*, See also Julienne Gage, "The US Government is Targeting MS13, But A Former Gang Member Says Arrests Alone Won't Solve the Problem", PRI's The World (November 16, 2017) https://www.pri.org/stories/2017-11-16/why-former-gang-member-joined-county-health-department

significantly to public understanding of the operations or activities of the government," and the NYIC is non-profit organization without any commercial interest in the records.

### a) The records requested concern "operations or activities of the government."

The requested records concern the operations or activities of the government. Any operations created and run by ICE, as an agency within the Department of Homeland Security, are fundamentally operations or activities of the government in its handling of immigration enforcement and carrying out its duties to protect the homeland from actual threats. Furthermore the requested documents are not protected from disclosure because they only pertain to the operations and policies of the agency, not to specific investigations or investigatory tactics.

### b) The records requested are likely to contribute significantly to public understanding.

As stated above, the public has a significant interest in the disclosure of these documents. Both gang operations and immigration enforcement have a tremendous impact on our communities and it as the frequency and scope have greatly expanded in 2017, it is imperative that communities have a greater understanding of the purpose and goals of these operations, as well as what public resources are being used to carry them out.

### c) The NYIC has no commercial interest in the records requested.

The NYIC is an umbrella policy and advocacy organization for nearly 200 groups in New York State working with immigrants and refugees. The NYIC researches, generates, and supports advocacy around issues related to immigration. It also works with national immigration advocacy groups to develop policy guidance and oversight in the ever-changing context of immigration law. Relevant to these pursuits, the requested information would provide invaluable insight into the needs of vulnerable immigrant populations in New York State and how the government is meeting those needs. This insight would enable targeted research and advocacy to legal service providers, community members, and policymakers to address as to the needs and gaps in services to immigrants living in New York State.

This information is not already available. However, the NYIC will make the disclosed information publicly available to serve the greater community. We will do this in the form of posting the responsive documents on our website, including an index of all available documents, and will synthesize the findings in a report to be distributed publicly and for free to all interested parties.

If it is your position that records exist that are responsive to this request, but that these records (or portions of these records) are exempt from disclosure, please identify the records that are being withheld and state the basis for the denial for each record being withheld. In addition, please provide the nonexempt portions of the records. Requester reserves the right to appeal a decision to withhold any information or a denial of fee waivers.

In order to avoid delays in receiving the records, Requester further ask that the records be produced as soon as practicable and on a rolling basis as soon as they become available.

All applicable records can be released to Camille J. Mackler, Esq.; c/o The New York Immigration Coalition; 131 W. 33rd Street, Suite 610; New York, NY 10001.

D. CERTIFICATION

I certify that the above information supporting the request for expedited processing is true and correct to the best of my knowledge. If you have any questions regarding the processing of this request, you may contact me by phone at 212-627-2227 ext. 226 or by email at cmackler@nyic.org. Thank you for your prompt attention to this matter.

Very truly yours,

*[signature]*

Camille J. Mackler, Esq.
Director of Immigration Legal Policy
New York Immigration Coalition