# EXHIBIT L



131 West 33rd Street
Suite 610
New York, NY 10001
(212) 627-2227
www.nyic.org

January 2, 2018

FOIA Appeals Officer
Policy and Litigation Branch
U.S. Customs and Border Protection
90 K Street, NE, 10th Floor
Washington, DC 20229-1177

Re:     Freedom of Information Act Request Appeal (#CBP-2018-012787)[1]

Dear FOIA Appeals Officer:

    I write in reference to U.S. Customs and Border Protection's ("CBP") email indicating that CBP would not produce documents requested by the New York Immigration Coalition's ("NYIC") request for records under the Freedom of Information Act, 5 U.S.C. § 552.  Ex. A.  To the extent that CBP has possession of the requested documents, CBP's denial is improper and NYIC hereby appeals.

**Background**

    On November 22, 2017, NYIC submitted an online request pursuant to the Freedom of Information Act ("FOIA").  Ex. B.  In that online request, NYIC requested the following documents from CBP:

1. All documents relating to Custom and Border Protection (CBP) agreements with other government agencies, state or federal involving Operation Matador, including, but not limited to, ICE Homeland Security Investigations, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

2. All documents reflecting communication and coordination between government agencies, state or federal, on Operation Matador including, but not limited to, ICE Homeland Security Investigations, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, the Suffolk County Police Department, the Nassau County Police Department, and the New York City Police Department.

3. All training materials distributed to or communicated with any governmental agency, state or federal that participated in Operation Matador, including, but not limited to, ICE Homeland Security Investigations, ICE Enforcement and Removal Operations, U.S. Citizenship and Immigration Services, the Suffolk County Police

---

[1] The body of the December 8, 2017 CBP response email included a different tracking number: CBP-2017-075002.  However, the subject line of that email as well as the other emails received from CBP all used CBP-2018-012787.

       Department, the Nassau County Police Department, and the New York City Police Department.

4. All documents, regulations, and guidelines defining or outlining the groups or profiles of individuals targeted by Operation Matador.

5. All documents and guidance relating to CBP resources committed or contributed to Operation Matador, including any personnel or equipment used in Operation Matador.

    CBP responded on December 8, 2017 via email. Ex. A. The email stated that, "[a]fter a careful review of your FOIA request, we determined that the information you are seeking is not under the purview of CBP. Requests for information regarding Operation Matador, should be made to Immigration and Customs Enforcement (ICE)." Id.

    This response is insufficient, as it does not state whether CBP actually has any of the requested documents. Accordingly, please confirm whether CBP's position is that, despite the participation of its officers in Operation Matador,[2] it has conducted a thorough search of its databases and has found no responsive documents. If a search has been completed and no records were found, please describe the search method used. See Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (An "agency must show that it made a good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested.").

    If CBP has not actually searched and made that finding, however, NYIC appeals CBP's denial of the FOIA request. Indeed, it is impermissible to summarily deny NYIC's requests regarding Operation Matador and refer the NYIC to ICE if CBP has responsive records. Documents are "agency records" which must be made available under FOIA when they are (1) created or obtained by the agency; and (2) the agency is in control of the requested materials at the time the request is made. U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 145 (1989). If CBP has any documents related to Operation Matador in its possession, or had any as of November 22, 2017, it must make copies of such documents available to NYIC. "FOIA strongly favors a policy of disclosure and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act. . . . The government bears the burden of establishing that any claimed exemption applies." Wood v. FBI, 432 F.3d 78, 82-83 (2d Cir. 2005). CBP has not claimed that a statutory exemption applies. See Ex. A. Therefore, all responsive documents in CBP's possession must be disclosed to NYIC.

    NYIC also appeals the CBP's denial of NYIC's request for a fee waiver. See Ex. C. Under 5 U.S.C. § 552(a)(4)(A)(iii), a requester is entitled to reduced or waived fees when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." The public has a significant interest in the disclosure of these documents. Both gang operations and immigration enforcement have a tremendous impact on our communities. As the frequency and scope of these operations have greatly expanded in 2017, it is imperative that communities have a greater understanding of the purpose and goals of these operations, as well as

---

[2]   See U.S. Immigration and Customs Enforcement, "Operation Matador nets 39 MS-13 arrests in last 30 days," https://www.ice.gov/news/releases/operation-matador-nets-39-ms-13-arrests-last-30-days (June 14, 2017).

what public resources are being used to carry them out.  Further, the NYIC is a non-profit organization without any commercial interest in the records.  The NYIC therefore renews its request for a fee waiver.

Please respond within the twenty business day statutory period, 5 U.S.C. § 552(a)(6)(A)(ii), informing NYIC of the decision on appeal, including whether a search of responsive records has been completed or commenced.

Sincerely,

Camille J. Mackler, Esq.
Director of Immigration Legal Policy